UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

LAWRENCE McKNIGHT,
Plaintiff, Pro Se.

v.

CHARLES ANDERSON, individually;
NATASHA BROWN, individually;
ELIZABETH GREEN, individually;
LAURA GALSI, individually;
TEENA BUZZRONE, individually;
JESSICA WEST, individually;
AMBER LANDON, individually;
KRISTIN ERICKSON-DONDERO, individually;
DOES 1–10, inclusive,

Defendants.

_____/

**FILED**

DEC 2 9 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2:25-CV-3729 DJC JDP (PS)

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS
(42 U.S.C. § 1983 – Acts Under Color of State Law)
JURY TRIAL DEMANDED

I. PRELIMINARY STATEMENT

1. This is a civil rights action under 42 U.S.C. § 1983 arising from Defendants' ultra vires enforcement of child support matters after all controlling orders were judicially closed and Continuing Exclusive Jurisdiction ("CEJ") was permanently extinguished.

II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because this action arises under 42 U.S.C. § 1983 for deprivations of constitutional rights committed under color of state law.

3. Venue is proper in this District because the acts and omissions giving rise to the claims occurred in Sacramento County, California.

III. PARTIES

4. Plaintiff LAWRENCE McKNIGHT is a resident of Sacramento County, California.

5. Defendants CHARLES ANDERSON, NATASHA BROWN, ELIZABETH GREEN, LAURA GALSI, TEENA BUZZRONE, JESSICA WEST, AMBER LANDON, and KRISTIN ERICKSON-DONDERO are state or county officials who acted under color of state law and are sued in their individual capacities.

6. Defendants DOES 1–10 are individuals whose true names and capacities are presently unknown to Plaintiff, including but not limited to employees, officers, supervisors, agents, or contractors of SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES (LCSA), CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES (DCSS), OFFICE OF ADMINISTRATIVE HEARINGS (OAH), and/or DEPARTMENT OF GENERAL SERVICES (DGS), who personally participated in, directed, authorized, approved, ratified, or failed to prevent the unlawful conduct alleged herein.

7. These DOE Defendants include, but are not limited to, individuals who

communicated with Plaintiff by email or correspondence; transmitted or approved interstate registration documents; issued, reviewed, or adopted enforcement decisions; or participated in the maintenance, reporting, or continuation of enforcement actions despite the absence of subject-matter jurisdiction.

8. Plaintiff will amend this Complaint to substitute the true names and capacities of Defendants DOES 1–10 when ascertained through discovery.

## IV. JOINT ACTION AND CO-ACTORS UNDER COLOR OF STATE LAW

9. At all relevant times, Defendants acted jointly, in concert, and as co-actors under color of state law.

10. The individual Defendants acted pursuant to a coordinated framework involving LCSA, DCSS, OAH, and DGS, which collectively enabled and perpetuated the enforcement of jurisdictionally void child support matters.

## V. GOVERNING LAW — UIFSA AND SUBJECT-MATTER JURISDICTION

11. UIFSA requires CEJ as a mandatory prerequisite to enforcement.

12. Once a controlling order is judicially closed with zero arrears, CEJ is extinguished permanently.

## VI. LOSS OF CEJ AND VOID REGISTRATION

13. The Indiana child support matter was judicially closed on December 4, 2014.

14. The Wisconsin child support matter was judicially closed on March 2, 2017.

15. After these closures, no tribunal possessed CEJ over either matter.

16. Despite the absence of CEJ, Defendants acting under color of state law initiated registration of both matters in California in 2019.

17. The registrations were void ab initio and did not confer jurisdiction.

18. Defendants thereafter enforced the void registrations through collection, adjudication, and credit reporting.

## VII. DISTINCT VOID CASES AND SEPARATE CONSTITUTIONAL HARMS

19. Defendants' conduct involved two separate child support matters that were separately registered, separately enforced, and separately reported.

20. Each void matter caused separate procedural due process violations, separate property deprivations, and separate reputational injuries.

## VIII. CAUSES OF ACTION

### COUNT I – PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

21. Defendants deprived Plaintiff of notice, a lawful tribunal, and a meaningful opportunity to be heard.

### COUNT II – SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)

22. Defendants' prolonged enforcement without jurisdiction was arbitrary and conscience-shocking.

COUNT III – UNLAWFUL DEPRIVATION OF PROPERTY (42 U.S.C. § 1983)

23. Defendants seized wages and property without lawful authority.

IX. DAMAGES

24. Plaintiff seeks compensatory, non-economic, punitive, and nominal damages, together with interest, costs, and fees.

X. INJUNCTIVE AND DECLARATORY RELIEF

25. Plaintiff seeks injunctive and declaratory relief prohibiting future enforcement of the void matters.

XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants as follows:

A. Compensatory damages according to proof;
B. Non-economic damages;
C. Punitive damages against Defendants in their individual capacities;
D. Nominal damages;
E. Injunctive and declaratory relief;
F. Pre- and post-judgment interest;
G. Costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988;
H. Such other and further relief as the Court deems just and proper.

XII. JURY DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

DATED: 12-29-2025

LAWRENCE McKNIGHT
Plaintiff, Pro Se
Sacramento, California
Email: professorg13@gmail.com

10033 el Charlito Dr
Rancho Cordova CA
95670

STATE OF INDIANA           )        IN THE MARION COUNTY CIRCUIT COURT
                           )SS:     PATERNITY DIVISION
COUNTY OF MARION           )        CAUSE NO. 49C01-0801-RS-004503
In the Matter of the PATERNITY of:          )
                                            )
 SYNCERE MCKNIGHT,                         )
                                            )        **F I L E D**
MICHELLE WILLIAMS,                          )
                                            )        April 8, 2025
         Petitioner,                       )        CLERK OF THE COURT
                                            )        MARION COUNTY
                                            )        TW
   vs.                                     )
                                            )
LAWRENCE MCKNIGHT,                          )
                                            )
        Respondent.                      )
                                            )

## ORDER AFTER HEARING

A hearing was held on April 8, 2025. No current child support is due, the child in this cause Syncere McKnight is emancipated as an operation of law, over the age of 19. Respondent filed a motion to set aside/vacate the judgment on January 4, 2025. Included with that motion was Respondent's exhibit A, a notarized letter from Petitioner asking the Court to terminate the case and to reflect a zero balance owed to Petitioner. At the hearing on April 8, 2025 testimony was provided by the Respondent as well as Respondent's exhibit C, email from Petitioner, which was admitted at the hearing today. Based on the evidence provided and testimony of the Respondent the Court denies the Respondent's Motion to set aside/vacate the judgment. The Court orders that Petitioner mother is owed zero dollars in arrearage in this cause, direct payments were made to mother. Any arrearage balance owed to Petitioner mother shall be zeroed out.

Brent Wilson, Magistrate
Marion County Circuit Court

# Search Results

Case #:  49C01-0801-RS-004503

Status:  Closed

‹ Back    Menu ⌄

1 Result

🔼 Michelle Williams vs. Lawrence McKnight                    Filed 01/30/2008

49C01-0801-RS-004503

Court

Marion Circuit Court

Case Type

RS - Reciprocal Support

Filed

01/30/2008

Status

12/04/2014, Decided

Parties

Williams, McKnight

STATE OF WISCONSIN, CIRCUIT COURT, MILWAUKEE COUNTY
Branch 32

| | |
|---|---|
| IN RE THE PATERNITY OF:<br>ZAY'VYIN M. MCKNIGHT-SIMS  06/27/06<br><br>STATE OF WISCONSIN,  PETITIONER<br>JONEAR L. SIMS,    CO-PETITIONER<br>02/07/81<br>6380 PINE HILL AVE<br>LAS VEGAS, NV  89156<br><br>AND<br><br>LAWRENCE MCKNIGHT,   RESPONDENT<br>09/02/82<br>2700 BRAVADA DR<br>RANCHO CORDOVA, CA 95670 | ORDER AMENDING<br>JUDGMENT/ORDER<br><br>Court Case: 4009PA000237<br><br><br>IVD Case(s):    5039870 |

For Official Use

## THE COURT FINDS:

This is a Milwaukee County Child Support order. A child support order was entered pursuant to a request received from the State of Nevada. The initiating state has requested Wisconsin close it's case for these parties. The initiating state is now enforcing the order directly and no longer requests Wisconsin's services.

## THE COURT ORDERS:

Child Support Services Financial Division shall terminate any and all support charging effective immediately and set all arrears and interest to zero for the Wisconsin record.

The Wisconsin case for these parties shall be closed.

BY THE COURT:

_____   3/20/17
FAMILY COURT COMMISSIONER    DATE

FILED
FCC   MAR 20 2017   FCC
JOHN BARRETT
Clerk of Circuit Court