UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MCKNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ANDERSON, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-3729-DJC-JDP (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against eight state and county employees, alleging that defendants violated his substantive and procedural due process rights by attempting to enforce two child support orders that were issued in cases that are now closed.  ECF No. 1.  Plaintiff has filed a motion for a temporary restraining order, asking that defendants be enjoined from continuing their collection efforts.  ECF No. 5.  I recommend that plaintiff's motion be denied.

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter*,

1

555 U.S. at 20.  Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Plaintiff has failed to demonstrate that he is likely to succeed on his claims that defendants violated his due process rights by seizing his property and wages.  The complaint alleges that the eight individual defendants are either state or county officials employed by Sacramento County Department of Child Support Services, California Department of Child Support Services, the California Office of Administrative Hearings, or the California Department of General Services. ECF No. 1 at 1.  Plaintiff alleges that defendants have "acted pursuant to a coordinate framework involving [their agencies], which collectively enable and perpetuate the enforcement of" child support orders that are no longer valid.  *Id.* at 2.  More specifically, he claims that defendants are attempting to enforce child support orders that were issued by Indiana and Wisconsin courts and registered in California pursuant the Uniform Interstate Family Support Act ("UIFSA").[1]  He contends that there is no lawful basis for defendants' enforcement efforts because the Indiana and Wisconsin cases have since been resolved.[2]

Plaintiff's conclusory allegations are insufficient to state due process claims under 42 U.S.C. § 1983 against each defendant.  To state a claim under § 1983, a plaintiff must allege that a "person," while acting under color of state law, personally participated in the deprivation of a right secured by federal law.  *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  A defendant personally participates in a deprivation "if he does an affirmative act, participates in

---

[1] The UIFSA "was developed by the National Conference of Commissioners on Uniform State Laws in 1992 to create uniformity in interstate child support proceedings, and thereby foster greater consistency and efficiency in the enforcement of interstate child support cases." *United States v. Kerley*, 416 F.3d 176, 180 (2d Cir. 2005).

[2] Plaintiff submitted with his complaint and motion orders issued by both state courts. These exhibits show that on March 20, 2017, the Wisconsin court ordered the state immediately to terminate all collection charging and set arrears "to Zero for the Wisconsin record."  ECF No. 5 at 8.  The court noted that its initial support order was entered pursuant to a request received from the State of Nevada, which had asked Wisconsin to close its case because it was enforcing the order directly.  *Id.*  In the Indiana action, the court issued an order on April 8, 2025, finding that because plaintiff's child was nineteen years old, plaintiff was no longer required to pay child support, and the child's mother was owed zero dollars in arrearage.  *Id.* at 4.

2

another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id.*

"A section 1983 claim based upon procedural due process . . . has three elements: (1) [A] liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Co. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). "Substantive due process protects individuals from the arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). To succeed on a substantive due process claim, plaintiff "must show a government deprivation of [his property] and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

Plaintiff has failed to show that he is likely to succeed on his procedural and substantive due process claims because he does not allege facts establishing that each defendant personally participated in depriving him of his property. Instead, plaintiff provides only an unadorned statement that defendants "acted pursuant to a coordinated fragment . . . , which collectively enabled and perpetuated the enforcement of jurisdictionally void child support matters." ECF No. 1 at 2. This vague and conclusory allegation is insufficient to show that each defendant personally participated in violating plaintiff's due process rights.

Plaintiff also fails to show that he will suffer irreparable harm absent preliminary injunctive relief. Plaintiff argues that a temporary restraining order is needed because defendants "continue to engage in ongoing child support enforcement actions without subject-matter jurisdiction, causing immediate and irreparable constitutional harm." ECF No. 5 at 1. Plaintiff also states that his credit report reflects that Sacramento County reported that he still owes $3,278.00 in child support. Plaintiff, however, does not identify any specific enforcement action that is currently ongoing. And the mere fact that Sacramento County contends, improperly or not, that he continues to owe child support does not establish that he is likely to suffer irreparable harm absent injunctive relief. "Purely economic harms are generally not irreparable, as money

3

lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015); *see also Regents of Univ. of Cal. v. Am. Broad. Cos., Inc.*, 747 F.2d 511, 519 (9th Cir. 1984) ("[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature.").

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for a temporary restraining order, ECF No. 5, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 16, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4