UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MCKNIGHT, | Case No.  2:25-cv-3729-DJC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHARLES ANDERSON, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding pro se, brings this action against eight state and county employees, alleging that defendants violated his due process rights by attempting to enforce child support orders from out-of-state judicial proceedings that are closed.  ECF No. 1.  Defendant Kristin Erickson-Dondero has filed a motion to dismiss the complaint on the basis that this court lacks jurisdiction.  ECF No. 8.  For the following reasons, I recommend that the motion be granted and that this action be dismissed without prejudice.

A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).

1

The court should refrain from exercising jurisdiction over this action. As an initial matter, "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). As such, this court is unable to modify the child support order in California that forms the basis of plaintiff's complaint. *See* ECF No. 1 at 2.

Moreover, principles of comity and federalism require federal courts to abstain from interfering with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); 28 U.S.C. § 2283. Federal courts abstain from addressing asserted violations of federal constitutional rights when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). When these requirements are met, a district court must dismiss the action and lacks the discretion to do otherwise, absent extraordinary circumstances. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018). Extraordinary circumstances include a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766.

Here, abstention is appropriate. Plaintiff is challenging his child support order in a concurrent state court proceeding that he initiated on the same day he brought this action. *See* ECF No. 12-2 at 9. In *Agustin*, the Court of Appeals affirmed the district court's decision to dismiss under similar circumstances. *Agustin v. Cnty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007). Specifically, the court held that dismissal under *Younger* was appropriate because:

> The County of Alameda's state court action against [the plaintiff] to collect child support payments is ongoing, the state court proceedings implicate important state interests, and the state court proceedings provide [the plaintiff] an adequate opportunity to litigate federal claims. [citation] Further, the district court did not err when it dismissed, rather than stayed, the case because [the plaintiff's] damages claims are plainly frivolous.

I find *Agustin* persuasive. Here, as in *Agustin*, the state proceeding implicates the important state interest of determining child support payments. The proceeding also allows

plaintiff an adequate opportunity to raise constitutional challenges; there is no proffered reason to conclude otherwise.  Moreover, the requested relief from this court—preventing enforcement of the child support order—would have the practical effect of enjoining the state proceeding because that proceeding would be moot.  Accordingly, the *Younger* doctrine cautions against exercising jurisdiction over this action.

Plaintiff's arguments against dismissal are unavailing.  Plaintiff argues that he "does not request that this Court modify, enforce, or terminate any child support obligation" and that he only challenges the "executive enforcement conduct" of a child support obligation.  ECF No. 9 at 2.  This is a distinction without a difference.  Fundamentally, plaintiff challenges the legitimacy of the underlying child support order; indeed, for this court to find that enforcement is unlawful, it would first have to find that the underlying order is unlawful.

Next, plaintiff argues that the domestic relations exception does not apply because, in his view, the California court was without jurisdiction to enter the child support order.  ECF No. 9 at 2.  There is no readily available case law supporting plaintiff's assertion.  As discussed above, even if this court determined that the child support order was unlawful, it would ultimately be unable to modify it.  *See Ankenbrandt*, 504 U.S. at 703.  There does not appear to be an exception for where the state court allegedly lacked jurisdiction to enter such an order.

Plaintiff's final argument is that the *Younger* abstention doctrine is inapplicable for three reasons: (1) "*Younger* applies only to legitimate ongoing proceedings;" (2) "*Younger* does not apply where enforcement is undertaken in bad faith;" and (3) plaintiff "lacked an adequate forum because jurisdictional challenges were acknowledged but never adjudicated."  *See* ECF No. 9 at 3.  However, these arguments concern the underlying entry of the child support order, not the concurrently-filed state action that remains ongoing.  Plaintiff has presented no argument that his ongoing state court proceedings are illegitimate, undertaken in bad faith, or inadequate.

Accordingly, this court should abstain from exercising jurisdiction and dismiss this case without prejudice.  *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.").

3

Moreover, although Kristin Erickson-Dondero is the only defendant who has yet to appear in this action, the case should be dismissed as to all defendants. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

Accordingly, it is hereby RECOMMENDED that:

1. Defendant Erickson-Dondero's motion to dismiss, ECF No. 8, be GRANTED;

2. This action be dismissed without prejudice; and

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 29, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4