UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MCKNIGHT,<br>Plaintiff,<br>v.<br>CHARLES ANDERSON, *et al.*,<br>Defendants. | Case No. 2:25-cv-3729-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, alleged that defendants violated his due process rights by enforcing a child support order. Finding that it lacked jurisdiction under the domestic relations exception, the court entered judgment in favor of defendants and closed this case on September 17, 2026. Plaintiff has now filed a motion to amend judgment, ECF No. 23. For the following reasons, I recommend that the motion be denied.

A grant of a motion to amend or alter judgment under Federal Rule of Civil Procedure Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion to amend or alter judgment should be granted only where a court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, plaintiff does not assert new evidence or an intervening change in law. Instead, he argues that the court committed clear error in finding that it lacked jurisdiction. ECF No. 23 at 3. Specifically, plaintiff contends that he had already narrowed the scope of his claims such that he did not "seek review, modification, reversal, recalculation, termination, or invalidation of" the California child support order. *Id.* (quoting ECF No. 13 at 1). Rather, plaintiff states that his claims challenge "the alleged absence of constitutionally adequate procedural safeguards after [defendants] received judicial closure documentation and materially conflicting judicial information." *Id.* As set forth in the complaint, plaintiff alleges that although his child support actions in Indiana and Wisconsin were judicially closed, California registered both matters in 2019 and "enforced the void registrations through collection, adjudication, and credit reporting." ECF No. 1 at 2.

As I found in my prior findings and recommendations, plaintiff's argument makes a distinction without a difference. To find that defendants have acted unlawfully in executing the child support order, the court would necessarily have to find that the order itself was unlawfully entered. Indeed, plaintiff's alleged harm is that the California child support order was entered unlawfully because his previous out-of-state child-support matters had already been closed. *See id.* Plaintiff's due process claim is premised on the theory that because defendants had knowledge that the out-of-state matters were closed, they should have known that the child support order was unlawful and therefore declined to execute it. But regardless of defendants' knowledge, they were executing a lawful order. To be sure, plaintiff does not challenge the manner in which the order was executed. Rather, he challenges that the order was executed at all. To hold that the execution of the order was unlawful, the court would have to reach the merits of whether the order itself is unlawful, and the court is without jurisdiction to do so. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Plaintiff also argues that the court erred by denying his motion to stay this action while his state proceedings are pending. ECF No. 23 at 4-5. Specifically, plaintiff argues that although the court found abstention appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), it should

nonetheless have stayed this action rather than dismissing it. *Id.* As plaintiff points out, the Court of Appeals has held that where, as here, a plaintiff seeks monetary damages, a court ordinarily stays an action. *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). However, the Court of Appeals also recognized that there are situations in which damages are sought and dismissal is nonetheless appropriate, such as "where a serious affront to the interests of federalism could be averted in no other way." *Id.* at 982 n.18 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 733 (1996) (Kennedy, J., concurring)). As defendants point out, "dismissal is required under the *Younger* abstention doctrine because the domestic relations exception divests this Court of subject matter jurisdiction over child support matters." *See* ECF No. 25 at 5. Although plaintiff sought damages, dismissal was appropriate because the court lacks jurisdiction to alter the child support order.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion to amend judgment, ECF No. 23, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See* *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE